IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 13-cv-01838-CMA

CHRISTINA SIEGLE,

    Plaintiff,

v.

CAROLYN W. COLVIN, Commissioner of Social Security Administration,

    Defendant.

## ORDER AFFIRMING ALJ'S DECISION

This matter is before the Court on Plaintiff Christina Elaine Siegle's appeal of the Commissioner's decision denying her claim for disability benefits. Exercising jurisdiction under 42 U.S.C. § 405(g), this Court affirms the judgment of the Administrative Law Judge (ALJ).

## I. BACKGROUND

Although Plaintiff alleged before the ALJ that she had more than a half-dozen disabling impairments, her appeal before this Court principally implicates her allegations of debilitating foot and back pain. The foot pain derives from a small fiber neuropathy—a condition that both parties agree causes Plaintiff at least some pain and loss of sensation in her feet. *See, e.g.*, AR 33-34. Plaintiff provides more generalized allegations about the back pain, suggesting, *inter alia*, that she suffers from spasms, soreness, chronic pain, acute pain, and pain sometimes focused in the right lower back.

*See, e.g.*, AR 266-67, 371, 430-32, 457, 502-03.  Finally, Plaintiff indisputably suffers from advanced arthritis in her left shoulder, which limits her ability to lift her left arm above her head or elevate it repeatedly.  *See, e.g.*, AR 33.

In his written decision denying Plaintiff disability benefits, the ALJ found that Plaintiff's foot, back, and shoulder pain impairments were not disabling.  In particular, the ALJ found that Plaintiff had severe impairments—including the shoulder impairment and fiber neuropathy in her feet—but that her assertions as to the disabling limitations of such impairments were not fully credible.  The ALJ further concluded that Ms. Knight's opinions about Plaintiff's limitations in functioning were not well-supported or consistent with the record as a whole.  *See* AR 9-25.

## II.  STANDARD OF REVIEW

This Court's review of the ALJ's determination as to Plaintiff's disabilities is limited to determining whether the ALJ's decision is supported by substantial evidence and whether the ALJ applied the correct legal standards.  *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  It requires more than a scintilla, but less than a preponderance.  *Wall*, 561 F.3d at 1084.  In reviewing the record and the arguments of counsel, the Court does not reexamine the issues de novo, *Sisco v. United States Department of Health and Human Services*, 10 F.3d 739, 741 (10th Cir. 1993), nor does it re-weigh the evidence or substitute its judgment for that of the Commissioner, *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006).  Thus, even

when some evidence may have supported contrary findings, the Court "may not displace the agency's choice between two fairly conflicting views," even if the Court may have "made a different choice had the matter been before it de novo." *Oldham v. Astrue*, 509 F.3d 1254, 1257-58 (10th Cir. 2007).

### III. ANALYSIS

Plaintiff advances two arguments for why the ALJ erred in determining that she was not disabled. As is explained below, the Court finds neither persuasive.

### A.   MS. KNIGHT'S TESTIMONY

First, Plaintiff finds fault with the manner in which the ALJ discounted the written testimony of Ruth Knight, a physician's assistant, who suggested that Plaintiff's "back and leg pain" were in fact disabling. AR 367; *see also* AR 499-503 (report from Ms. Knight concluding that Plaintiff was disabled). Plaintiff alleges that the ALJ dismissed Ms. Knight's opinion in a conclusory manner and in contravention of Social Security Ruling (SSR) 06-03P, 2006 WL 2329939 (Aug. 9, 2006).

This argument fails for a number of reasons. As an initial matter, contrary to Plaintiff's characterization, the ALJ did not discount Ms. Knight's opinion in a conclusory manner. Rather, the ALJ did not credit Ms. Knight's position because, among other things, Plaintiff's "own reported activities of daily living require more than this P.A. [referring to Ms. Knight] said she could do" and clinical examinations of Plaintiff "have not noted significant abnormalities or functional limitations." AR 22.

This reasoning is not conclusory. Further, it is supported by substantial evidence in the record. *Compare* AR 502 (report from Ms. Knight suggesting that Plaintiff can

never bend, squat, or climb), *with* AR 52-53 (testimony from Plaintiff that she cleaned her toilet); AR 462-65 (2011 report noting Plaintiff walked with a normal gait, had no difficulty climbing onto an examination table, and admitted that nerve medication was helping with her neuropathy); AR 459 (2011 report noting that Plaintiff reported having "intermittent" lower back pain and "no h[istory] of chronic back pain"); *see also* AR 34-36 (hearing testimony from Dr. Gerald Winkler that, based on his review of Plaintiff's medical record, although Plaintiff's ailments were not completely disabling, they would restrict Plaintiff to a sedentary occupation that did not require Plaintiff to move her left shoulder much and allowed her the freedom to stand to relieve back pain).

The ALJ also did not violate SSR 06-03P. Plaintiff argues that SSR 06-03P "clearly says that the same analysis that occurs with an acceptable medical source should occur with a medical source who is not an acceptable medical source." Doc. # 19 at 16. She further suggests that the ALJ erred because, pursuant to SSR 06-03P, he "should" have considered in his opinion some of the factors listed in this Ruling, such as the "examining relationship" between Ms. Knight and Plaintiff, the length of this relationship, and how consistent Ms. Knight's medical opinion was with the record as a whole. *Id.*

Plaintiff misinterprets SSR 06-03P. This Ruling delineates persons who are "acceptable medical sources," such as licensed physicians, and makes clear that other health care providers, such as physician assistants, are not "acceptable medical source." 2006 WL 2329939, at *2. However, SSR 06-03P does not collapse the distinction between acceptable medical sources and other health care providers

4

who are not acceptable medical sources.  *See, e.g.*, 2006 WL 2329939, at *2 (noting that "the distinction is necessary for three reasons").  Instead, SSR 06-03P merely clarifies  that other such health care providers may nevertheless provide insight into a Plaintiff's impairments and, thus, the factors considered in assessing the opinion of acceptable medical sources "**can** be important," and "**can** be applied, " to the opinions of other health care providers who are not acceptable medical sources.  *Id.* at *4.

Further, SSR 06-03P does not impose a duty on ALJs to explicitly consider in a written opinion every factor enumerated in the Ruling.  Rather, the Ruling establishes that "[n]ot every factor for weighing opinion evidence will apply in every case," *id.* at *5, and it nowhere mandates a written explanation about why a factor is or is not relevant.

Finally, the ALJ did consider some of the factors listed in SSR 06-03P in assessing Ms. Knight's opinion.  For example, the ALJ noted how Ms. Knight's position was inconsistent with the record as a whole: as discussed above, Ms. Knight's position that Plaintiff was limited in her daily activities was contradicted by assessments made by other medical professionals and by Plaintiff's own testimony at her hearing.

In sum, then, the ALJ committed no legal error in the way he discounted Ms. Knight's testimony and his determination was supported by substantial evidence.

**B.     CREDIBILITY DETERMINATION**

Next, Plaintiff argues that the ALJ committed reversible error because one of the rationales the ALJ offered in concluding that Plaintiff was not credible was that she had an interest in the outcome of the proceeding in which she was testifying.

As an initial matter, the Court agrees with Plaintiff that this is not a particularly strong reason for discounting Plaintiff's testimony.  A claimant's financial interest in the outcome of a hearing before the ALJ is an obvious source of potential bias shared by every claimant for disability and, by itself, is insufficient to support an adverse credibility finding.  See Wilson v. Astrue, 602 F.3d 1136, 1145 (10th Cir. 2010).

In this case, however, the ALJ offered a number of other rationales to substantiate his adverse credibility finding.  See, e.g., AR 18 (noting that Plaintiff claim that she became "very, very nervous" around people was inconsistent with her admission that she enjoyed all-day trips to casinos, attending church, and shopping in stores); AR 18-19 (noting that Plaintiff's claim at the hearing that she had not taken any out-of-state trips was undermined by record testimony in which she admitted to travelling to North Dakota).

These additional rationales provide sufficient basis for the ALJ's adverse credibility finding.  Cf. Wilson, 602 F.3d at 1145-46 (noting that a claimant's multiple applications for disability benefits did not provide a sufficient basis for an adverse credibility finding but affirming the ALJ's judgment on this matter because he provided numerous other valid reasons to discount the claimant's credibility).

### IV.  CONCLUSION

This Court finds that the ALJ's decision was supported by substantial evidence and the ALJ committed no legal error in reaching her adverse finding as to Plaintiff's disabilities.

Accordingly, it is ORDERED that the ALJ's denial of disability benefits is AFFIRMED. It is FURTHER ORDERED that each party shall pay its own costs and attorney fees.

DATED: April __24__, 2014

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge